UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARTER LEDYARD & MILBURN LLP,

                      Plaintiff,

          - against -

MUSEUM OF DREAM SPACE LLC, DAHOOO
AMERICAN CORPORATION, MUSEUM OF
DREAM SPACE GG, LLC, MUSEUM OF
DREAM SPACE CHICAGO, LLC, NEW MEDIA
ART HOLLYWOOD, LLC, BEIJING DEHUO
TECHNOLOGY CO., LTD. and JIANG CHANG,
a/k/a CHARLES CHANG,

                      Defendants.
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, Carter Ledyard & Milburn LLP, as and for its complaint against the Defendants, alleges as follows:

## PARTIES

1. Plaintiff Carter Ledyard & Milburn LLP ("CLM") is a New York limited liability partnership with offices for the conduct of its business located at 28 Liberty Street New York, New York.

2. Upon information and belief, at all times relevant to this complaint, Defendant Museum of Dream Space LLC ("MODS") was and still is a California limited liability company.

3. Upon information and belief, Dahooo American Corporation ("Dahooo") is a Nevada corporation.

4. Upon information and belief, at all times relevant to this complaint, Defendant Museum of Dream Space GG, LLC ("MODS GG") was and still is a Nevada limited liability company.

11103023.4

5. Upon information and belief, at all times relevant to this complaint, Defendant Museum of Dream Space Chicago LLC ("MODS Chicago") was and still is an Illinois limited liability company.

6. Upon information and belief, at all times relevant to this complaint, Defendant New Media Art Hollywood, LLC ("New Media") was and still is a California limited liability company.

7. Upon information and belief, at all times relevant to this complaint, Defendant Beijing Dehuo Technology Co. LTD. ("Beijing Dehuo") was and still is a corporation incorporated pursuant to the laws of the Peoples' Republic of China.

8. Defendants MODS, Dahooo, Mods GG, Mods Chicago, New Media and Beijing Dehuo are collectively identified herein as the "Company Defendants."

9. Upon information and belief, Defendant Jiang Chang, a/k/a Charles Chang, is a resident of the State of California.

10. Upon information and belief, the Company Defendants were not in fact separate entities and do not observe corporate formalities and are not operated as separate companies. Rather, Chang, who upon information and belief is the principal of each of the other Defendants, and/or Beijing Dehuo exercise complete dominion and control over MODS, Dahooo, MODS GG, MODS Chicago and New Media and have treated and operated MODS, Dahooo, MODS GG, MODS Chicago and New Media as their instrumentalities or alter egos rather than as sperate legal entities. Plaintiff's fees and expenses were being paid primarily by Beijing Dehuo, with the payments being funneled through one or more of the other Defendants.

**JURISDICTION AND VENUE**

- 2 -

11103023.4

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12. This court has jurisdiction over Defendants pursuant to New York CPLR § 301 and 302.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff CLM has its principal place of business in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. This action arises out of Defendants' transaction of business within the State of New York.

15. In June 2017, Defendants retained CLM to represent them in connection with patent prosecution and infringement analysis matters (the "Patent Matters"). CLM represented the Defendants in the Patent Matters through September, 2022, when CLM moved to withdraw as Defendant's attorney before the United States Patent and Trademark Office.

16. In September 2019, Defendants retained CLM to represent them in connection with a litigation matter (the "California Action") pending in the United States District Court for the Central District of California (the "California Court").

17. CLM represented the Defendants in the California Action through September, 2022, when its motion to withdraw was granted by the California Court.

18. At the Defendants' request, CLM performed the above legal services for Defendants from September 2019 through September 2022.

19. In connection with the California Action representation, the amount that remains unpaid to CLM totals $1,005,773.27.

20. In connection with the Patent Matters representation, the amount that remains unpaid to CLM totals $6,461.20.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Breach of Contract)**

21. CLM repeats and realleges each of the foregoing allegations as if set forth fully herein.

22. The Defendants entered into a contract with CLM pursuant to which CLM agreed to perform legal services for Defendants and, in consideration thereof, Defendants agreed to pay for the performance of those services and any sums necessarily advanced by CLM for the account and benefit of Defendants.

23. Defendants have breached their contract with CLM in that they have failed, refused, and neglected to pay the sum due of $1,012,234.47.

24. By reason of Defendants' breach of contract, CLM has sustained damages in the amount of $1,012,234.47.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Account Stated)**

25. CLM repeats and realleges each of the foregoing allegations as if set forth fully herein.

26. During the period from approximately September 2020 through September 2022, CLM rendered work, labor, and services on behalf and for the benefit of the Defendants.

27. In connection with such services, CLM submitted invoices and statements of account to Defendants setting forth the services rendered and the sums advanced by CLM with respect to the legal matters for which Defendants had retained CLM.

28. The total amount that remains unpaid is $1,012,234.47.

29. Defendants received and retained the invoices and accepted these invoices as correct by failing to question or object to the time entries or rates contained in them within a reasonable time after receipt.

30. CLM has demanded payment of the foregoing amount, but Defendants have failed, refused, and neglected to remit payment.

31. By reason of the foregoing, an account has been stated between CLM and the Defendants for the sum of $1,012,234.47.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT JIANG CHANG, a/k/a CHARLES CHANG**
**(Fraud in the Inducement)**

32. CLM repeats and realleges each of the foregoing allegations as if set forth fully herein.

33. Upon information and belief, Defendant Jiang Chang, a/ka Charles Chang ("Chang"), was and still is the principal of each of the Company Defendants.

34. In or about March 2022, Plaintiff had numerous discussions with Chang concerning the Defendants' failure to continue to pay Plaintiff's invoices. Plaintiff indicated its intention to withdraw from its representation in the California Action if its invoices continued to go unpaid.

35. In response, Chang not only promised payment of Plaintiff's outstanding invoices, but specifically indicated that the payments would be coming from proceeds receivable from a particular source, and further indicated that payment would be expected within a specific time frame.

36. Upon information and belief, the payments which Chang identified were in fact received but were diverted by him for other purposes.

37. Plaintiff reasonably relied on Chang's representations concerning the imminence of payment to continue working on the California Litigation.

38. Chang's representations were fraudulent and were made with the intent to induce Plaintiff to continue working on the matter while continually promising payment.

39. Absent Chang's fraudulent misrepresentations, Plaintiff would have terminated its engagement with Defendants and withdrawn from the California Action far earlier than it otherwise would have.

40. Accordingly, Chang is personally liable to Plaintiff for his fraudulent misrepresentations.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT JIANG CHANG, a/k/a CHARLES CHANG**
**(Piercing the Corporate Veil)**

41. CLM repeats and realleges each of the foregoing allegations as if set forth fully herein.

42. Defendant Chang's failure to observe corporate formalities and strict financial accounting with respect to the other Defendants renders him personally liable to Plaintiff for all unpaid fees and expenses.

WHEREFORE, Plaintiff CLM demands judgment against Defendants in the sum of $1,012,234.47, together with interest, and the costs and disbursements of this action.

Dated: New York, New York
October 27, 2022

                              CARTER LEDYARD & MILBURN LLP
                              *Plaintiff Pro Se*

By:     s/Aaron R. Cahn
       Aaron R. Cahn
       28 Liberty Street
       New York, NY 10005
       (212) 238-8629 (tel)
       (212) 732-3232 (fax)
       cahn@clm.com