UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CARTER LEDYARD & MILBURN LLP,            :
                                         :
                          Plaintiff,     :        22cv9274 (DLC)
              -v-                         :
                                         :        OPINION AND
MUSEUM OF DREAM SPACE LLC, et al.,       :           ORDER
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff Carter Ledyard & Milburn LLP:

Aaron Ronald Cahn
Carter Ledyard & Milburn LLP
28 Liberty Street
41st Floor
New York, NY 10005

For defendants Museum of Dream Space LLC, Dahooo American
Corporation, and Jiang Chang:

Christopher Lee
L.A. Commercial Attorney, APLC
134 E. Valley Blvd.,
Alhambra, CA 91801

DENISE COTE, District Judge:

     Three defendants have moved to dismiss this diversity

action for lack of venue and personal jurisdiction.  For the

following reasons, the motion is denied.

## Background

The following facts are taken from the amended complaint and documents that are integral to it. They are accepted as true for purposes of this decision.

The plaintiff is the New York law firm Carter Ledyard & Milburn ("Law Firm"). In September 2019, two of the corporate defendants -- Dahooo American Corporation ("Dahoo") and Museum of Dream Space LLC ("MODS") -- retained the Law Firm in connection with litigation in federal court in California. Pursuant to the retainer agreement, the Law Firm represented these clients until its motion to withdraw was granted by the California court in September 2022.

The individual defendant Jiang Chang, a/k/a Charles Chang, is the principal of the corporate defendants and with Beijing Dehuo Technology Co., Ltd., exercises control over their operations. It was Beijing Dehuo that principally paid the Law Firm's fees.

This action was filed on October 28, 2022. An amended complaint was filed on November 9, 2022. It pleads a breach of contract claim and an account stated claim against all defendants. It brings a claim of fraud in the inducement and a claim to pierce the corporate veil against Charles Chang. The

Law Firm seeks damages in an amount slightly greater than $1 million plus interest.

This action was transferred to this Court on December 5, 2025.  The parties have confirmed that the controversy remains active.

## Discussion

Three of the defendants seek dismissal of this action on two grounds.  MODS, Dahoo, and Chang argue that there is no personal jurisdiction over them.  They also argue that there is no venue for this lawsuit in this district and it must be dismissed.  These arguments fail.  The defendants do not seek transfer of this litigation pursuant to 28 U.S.C. § 1404(a).

I.    Personal Jurisdiction

The plaintiff asserts that there is personal jurisdiction over these three defendants under New York's long-arm statute on the grounds that the defendants transacted business in New York, and with respect to Chang alone, also on the ground that he committed a tortious act that caused injury to the Law Firm in New York.  The plaintiff has opposed this motion with affidavits from two attorneys at the Law Firm that describe, among other things, their substantial contacts with Chang during their representation of the two corporate defendants.

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.  A plaintiff must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 342 (2d Cir. 2018) (citation omitted).  A court "constru[es] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[es] all doubts in the plaintiff's favor."  Id. (citation omitted).  Where a court relies on pleadings and affidavits, rather than conducting a "full-blown evidentiary hearing," the plaintiff "need only make a prima facie showing of personal jurisdiction over the defendant."  Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 126 (2d Cir. 2008) (citation omitted).  In determining whether jurisdiction exists, a court must first look to whether New York's long-arm statute authorizes an exercise of personal jurisdiction in the case.  Friedman v. Bloomberg L.P., 884 F.3d 83, 90 (2d Cir. 2017).  "If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process."  Id. (citation omitted).

A. Long-Arm Statute

New York's long-arm statute provides in pertinent part:

4

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

CPLR § 302(a)(1).  There are two requirements for personal jurisdiction under § 302(a)(1): first, the "defendant must have transacted business within the state", and second, "the claim asserted must arise from that business activity."  Daou v. BLC Bank, S.A.L., 42 F.4th 120, 129 (2d Cir. 2022) (citation omitted).  Section 302(a)(1) is a "single act statute," so personal jurisdiction may be appropriate if the defendant engaged in a single transaction even if he did not enter New York, "so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted."  Id. (citation omitted).  "[I]n this day of instant long-range communications, one can engage in extensive purposeful activity [in New York] without actually setting foot in the State."  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 788 (2d Cir. 1999) (citation omitted).  By retaining New York counsel, a client projects himself into New York's legal services market and invokes the benefits and protections of New York's laws.  Fischbarg v. Doucet, 9 N.Y.3d 375, 382 (2007).

The plaintiff has demonstrated that personal jurisdiction is proper under New York's long-arm statute. The defendants transacted business in New York by soliciting legal work from the Law Firm in connection with the California litigation. Affidavits submitted by the two lawyers working on the California litigation describe the plaintiff's extensive contacts with Chang over email, telephone, and video conference during motion preparation, settlement negotiations, and discovery production. They describe promises and assurances that Chang made about the payment of overdue legal fees and state that the plaintiff relied on these assurances to continue work for the defendants through summary judgment practice. The purposeful nature of Chang's exchanges with the plaintiff in relation to their representation of MODS and Dahoo bring the defendants within the long-arm statute under at least § 302(a)(1) because each of the plaintiff's claims arises out of these transactions.

The defendants' arguments to the contrary are unavailing. They contend that the alleged contacts between the defendants and the Law Firm are insufficient to confer jurisdiction under the long-arm statute. The defendants rely on Ferrante Equip. Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280 (1970). But unlike the defendants here, the respondent in Ferrante had not

solicited business in the State.  Id. at 284.  Ferrante is therefore inapplicable.

The defendants next argue for the first time in their reply brief that the plaintiff fails to establish personal jurisdiction over Chang because he did not retain the firm in his individual capacity.  The defendants further contend that because Chang's activities were limited to telephone calls and emails, his connection to the State cannot qualify as a business transaction.  The plaintiff's affidavits explain that Chang was intimately involved in litigation decisions made by the Law Firm, including reviewing and approving substantive motions, selecting a mediator, and preparing documents for settlement discussions.  Chang also made multiple promises about fee payments that the Law Firm relied upon.  At this stage, the plaintiff's description of Chang's activities is credited.  His activities are sufficient for the exercise of personal jurisdiction over him.

B. Due Process

After determining that personal jurisdiction is proper under New York's long-arm statute, a court must also determine whether the exercise of personal jurisdiction is consistent with the due process protections of the United States Constitution. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d

161, 169 (2d Cir. 2013).  The Due Process Clause requires that the defendant "have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The minimum contacts analysis can be broken down into three steps.  U.S. Bank Nat'l Assoc. v. Bank of Am. N.A., 916 F.3d 143, 150 (2d Cir. 2019) (citation omitted).  "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State."  Id. (citing J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 877 (2011) (plurality opinion)).  "Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct."  Id. (citation omitted).  And third, the court must determine that jurisdiction is "reasonable under the circumstances."  Id. (citation omitted).

Exercising personal jurisdiction over the three defendants in this case comports with due process.  As already stated, the defendants solicited legal representation from the Law Firm, whose principal place of business is in New York, and remained extensively involved in the firm's legal and strategic decisions throughout that litigation.  These actions are sufficient to

8

show the minimum contacts and purposeful availment required by the Due Process Clause.  There is nothing in the record to suggest that it would be unreasonable under the circumstances to exercise jurisdiction over the defendants.

II.  Venue

The defendants argue that there is no venue in this district to recover fees incurred with their representation in connection with the California litigation.  They argue that they did not undertake any act or conduct in this district in connection with that litigation.

The general venue rule for civil cases in federal court provides in pertinent part that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).  For venue to be proper, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005) (citation omitted).  A plaintiff faced with a motion to dismiss for improper venue may choose to rely on pleadings and affidavits to oppose the motion.  Id. at 355.  The plaintiff "need only make a prima facie showing of venue."  Id. (citation omitted).

9

The plaintiff has made a _prima facie_ showing that venue lies in the Southern District of New York.  Plaintiff is a law firm with its principal place of business in the district.  The affidavits explain that much of the work undertaken for the defendants was conducted in the plaintiff's New York offices.  This is sufficient to support venue in this district even though the plaintiff's work was in connection with the California litigation.

## Conclusion

The defendants' October 28, 2022, motion to dismiss is denied.

Dated:    New York, New York
          January 7, 2026

                                    _____
                                         DENISE COTE
                                    United States District Judge

10