UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARTER LEDYARD & MILBURN LLP,<br><br>Plaintiff,<br>-v-<br><br>MUSEUM OF DREAM SPACE LLC, et al.,<br><br>Defendants. | : | 22cv9274 (DLC)<br><br>ORDER |

DENISE COTE, District Judge:

A bench trial against Jiang Chang a/k/a Charles Chang ("Chang") on plaintiff's fraud claim is scheduled for August 25, 2026. On August 17, the Court issued an order for the plaintiff to show cause no later than August 21 why the fraud claim against Chang should not be dismissed because it is duplicative of plaintiff's breach claim or because plaintiff has failed to submit admissible evidence as to the alleged fraudulent statement made by Chang. On August 20, plaintiff filed its response.

The plaintiff's August 20 submission fails to cure the legal infirmities identified in the August 17 Order. The First Department case on which the plaintiff relies is inapposite. It sustains a fraud claim because of a fraudulent statement made in the inducement of the contract. Am. Media, Inc. v. Bainbridge & Knight Lab'ys, LLC, 135 A.D.3d 477, 478 (1st Dep. 2016). In

such an instance, a false statement is indeed collateral to the contract. While American Media also observed that the plaintiff was induced to continue to furnish services by the defendant's "assurance" that specific, identified funds would be available to pay the plaintiff, id., this observation is subservient to the holding that there was actionable fraudulent inducement to enter into the contract. Notably, each case cited in American Media likewise involved fraudulent inducement. See EED Holdings v. Palmer Johnson Acquisition Corp., 387 F.Supp.2d 265, 279 (S.D.N.Y. 2004); Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 956 (1986); First Bank of Ams. v. Motor Car Funding, 257 A.D.2d 287, 292 (1st Dep't 1999).

Here, plaintiff does not allege fraud in the inducement and has failed to allege that Chang's allegedly false statements were otherwise collateral to the contract the plaintiff seeks to enforce. The fraud claim must be dismissed for this reason alone. Additionally, plaintiff's suggestion that the affidavit submitted by Pang Zhang-Whitaker, which was filed in connection with a motion to dismiss made earlier in this litigation, is a sufficient substitute for direct testimony is misplaced. Plaintiff has not represented that Ms. Zhang-Whitaker will be available to be cross-examined at next week's trial should pro se defendant Chang wish to do so. Accordingly, it is hereby

ORDERED that plaintiff's fraud claim is dismissed with prejudice as to Chang.

IT IS FURTHER ORDERED that the trial scheduled for August 25 is cancelled.

IT IS FURTHER ORDERED that the plaintiff shall serve this Order on Chang no later than **August 21, 2026.** Proof of such service shall be filed on ECF no later than **August 24, 2026.**

Dated: New York, New York
August 20, 2026

Denise Cote

DENISE COTE
United States District Judge